### (December 30, 1942.)

In the Matter of SAMUEL GRUSKIN, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

PER CURIAM. In June, 1941, the respondent was retained by the proprietors of a business known as Margies Specialty Shop, to arrange a settlement with

creditors. He effected an agreement with the latter to accept forty per cent of their claims. Thereafter the assets of the business were sold for the sum of $300. This amount the respondent received in trust for distribution to the creditors. He deposited it in his personal account on June 26, 1941. The account was then overdrawn to the extent of $36.02. On July 11, 1941, the balance in his account had been reduced to $14.31.

Prior to that time he had not distributed to creditors of the aforesaid business any part of the $300 received by him. On that date, however, the respondent issued checks to creditors aggregating $220.01. Of these, checks amounting to $58.90 were honored when presented. The other checks were dishonored because of insufficient funds. Some of these the respondent subsequently made good before his conduct became the subject of investigation by the Bar Association; others were not paid until after he had been notified of such investigation; still others had not been paid at the time this proceeding was instituted. All creditors' claims, however, have since been paid.

Upon the hearings before the Referee, the respondent, in an endeavor to explain the aforesaid conceded facts, testified that he had given blank checks to his brother-in-law, engaged in the drug business, with the understanding that he was to use them only to the extent of deposits which he might himself make in the respondent's bank account. He testified further that, in violation of this understanding, his brother-in-law withdrew more than the amount of his deposits and that this was done without his knowledge or consent.

The respondent wholly failed to establish his plea of mitigating circumstances. Concededly, after he knew that the $300 deposited in his account had been withdrawn, with the result that checks issued to creditors were returned unpaid, he continued to issue blank checks to his brother-in-law for use in his business. As expressly found by the referee, the respondent's testimony in this connection is false, and it is a fair inference from the evidence that he deliberately used or permitted the use of the trust fund of $300 to meet obligations in a drug store business owned by his brother-in-law or in which he had an interest.

The respondent has thus aggravated his original misconduct and lessened the mitigating effect of having paid in full the moneys he converted. He has not appeared upon this motion to confirm the Referee's report and does not contest the conclusions reached by the Referee.

The respondent should be suspended for one year with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions incorporated in the order.

Present — Martin, P. J., Townley, Glennon, Cohn and Callahan, JJ.

Respondent suspended for one year.